UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MEGAN R. D., | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 2553 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Megan R. D. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

**Background**

Plaintiff applied for benefits on September 11, 2015, alleging a disability onset date of April 18, 1993. (R. 103-04.) Her application was denied initially and on reconsideration. (R. 100, 152.) Plaintiff requested a hearing, which was held by an administrative law judge ("ALJ") on September 11, 2017. (*See* R. 28-66.) In a decision dated January 8, 2018, the ALJ found that plaintiff was not disabled. (R. 14-22.) The Appeals Council declined review (R. 1-3), making the ALJ's decision the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 17.) At step two, the ALJ determined that plaintiff has the severe impairments of asthma, diminished vision in the right eye, depression, anxiety and narrowing of the airway/esophagus. (*Id.*) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal the severity of a listed impairment. (*Id.*) At step four, the ALJ found that

plaintiff was unable to perform any past relevant work but has the RFC to perform a full range of work at all exertional levels with certain exceptions. (R. 18, 20.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 21-22.)

Plaintiff contests the ALJ's step three finding that plaintiff's mental impairments do not meet or equal a listing. Specifically, plaintiff argues that the ALJ failed to build the requisite logical bridge between the evidence and his conclusions with respect to the so-called paragraph B criteria, *i.e.*, that plaintiff is moderately limited in her ability to concentrate, persist or maintain pace and interact with others, mildly limited in her ability to understand, remember, and apply information, and not limited in her ability to adapt or manage herself. (R. 18); *see Villano*, 556 F.3d 558, 562 (7th Cir. 2009) (stating that ALJ "must build a logical bridge from evidence to conclusion").

The Court agrees. The ALJ recited the following as evidence relevant to the Paragraph B criteria, that: (1) plaintiff showed "no apparent cognitive difficulties" and "was able to use judgment and reasoning skills" at an October 2015 consultative exam; (2) she was reported to have had "appropriate mood and affect" in a January 2016 hospital record; (3) progress notes from January 2016 through July 2017 state that plaintiff's "memory, judgment and thought processes were intact;" and (4) an August 2017 hospital record stated that plaintiff had attempted suicide. (R. 19-20.) Nowhere in the decision, however, does the ALJ explain how this evidence supports his conclusions as to the Paragraph B criteria. Our conclusion on this point is supported, in part, by the SSA's response. While the SSA correctly summarizes the evidence "considered" by the ALJ, the SSA fails to direct us to any meaningful analysis of the so-called Paragraph B criteria. (Def.'s Resp. Pl.'s Mot. Summ. J., ECF 19 at 2-4.) Because the Court cannot trace the path of the

3

ALJ's reasoning from the medical evidence to his conclusions with respect to those criteria, this case must be remanded. *See Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) ("[W]here the Commissioner's decision . . . is so poorly articulated as to prevent meaningful review, the case must be remanded.").[1]

**Conclusion**

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [9], reverses the SSA's decision, and pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                      **ENTERED:**    January 7, 2020

*M. David Weisman*
**M. David Weisman**
**United States Magistrate Judge**

---

[1] Because this issue is dispositive, the Court need not address the other issues plaintiff raises.